Filed 7/16/24  P. v. Nava CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084021 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF2100597) |
| JUAN CARLOS NAVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Stephen J. Gallon, Judge.  Vacated and remanded with directions.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Sulaiman, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Juan Carlos Nava of grand theft of a firearm and possession of the same firearm as a felon.  At the sentencing hearing, the

court imposed consecutive prison terms of six years for the grand theft and one year and four months for the firearm possession offense. Nava contends, and the People agree, that the trial court violated Penal Code section 654 by imposing separate prison terms for two crimes stemming from the same underlying act. Resolving this matter by memorandum opinion, we agree and vacate the sentence and remand for resentencing to redress the error. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." In other words, this section forbids "'punishment for multiple violations of the Penal Code . . . for a single physical act.'" (*People v. Atencio* (2012) 208 Cal.App.4th 1239, 1243 (*Atencio*).)

Here, Nava was charged separately with offenses premised on both (1) the manner in which he acquired a firearm and (2) possessing, later the same day, the same firearm. Because the means by which Nava took the firearm was also the means by which he gained possession of it, he committed only one criminal act. (See *Atencio,* 208 Cal.App.4th at pp. 1244-1245.)

Finding persuasive the reasoning of *Atencio*—which analyzed the same issue as to the same offenses, and on which both parties rely—we agree that imposing consecutive sentences for both the grand theft and firearm possession offenses violates section 654 by punishing Nava more than once for different crimes resulting from a single act. (See *People v. Corpening* (2016) 2 Cal.5th 307, 311.) Because section 654 gives the trial court the

2

discretion to select either count as the punishable offense, we vacate the sentence and remand for the trial court to exercise that discretion in the first instance.  (*People v. Mendoza* (2022) 74 Cal.App.5th 843, 862.)

DISPOSITION

We vacate the sentence and remand this matter to the trial court for a full resentencing consistent with this opinion.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.